# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES HOWARD,

      Petitioner,

vs.                                                                  Civil No. 00-1201 MV/WWD

IRMA LUCERO, et al.,

      Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1.    THIS MATTER comes before the Court upon Respondent's Motion to Dismiss, filed September 25, 2000 **[docket # 10]**. Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 18, 2000. Mr. Howard is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the judgment, sentence and commitment of the Twelfth Judicial District in the District Court of Otero County, New Mexico, for the crimes burglary and larceny.

    2.  Respondents contend the petition is untimely by ten days and is therefore barred from federal habeas review under the one-year statute of limitations period as set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). AEDPA established a one-year time limitation for filing federal habeas petitions and mandated that the period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The new limitation in AEDPA also

provides for tolling of the one-year period while post-conviction or collateral review is pending. § 2244(d)(2).

3. However, because Respondents incorrectly calculated the date Petitioner's conviction became final for purposes of triggering the limitations period, the petition is timely. Respondents concede that use of the date Petitioner mailed out the petition is proper as a filing date for the petition (see Pet. at 13), but assert that his conviction became final on June 4, 1999, the date the Judgment, Sentence and Conviction was entered, Ans., Ex. A, because Petitioner's plea of no contest precluded him from appealing.

4. Although Petitioner did not directly appeal, he had the opportunity to do so, and therefore should be afforded the 30-day period in which he might have filed an appeal when calculating the date his conviction became final. See Fitts v. Williams, No. 00-2175, 2000 WL 1480494 (10th Cir. 2000 NM); N.M.Stat.Ann.1978, § 12-201 (notice of appeal shall be filed within thirty days after judgment). The fact that Petitioner entered a plea of no contest does not change this, since in entering a plea, a defendant waives all nonjurisdictional defenses, see United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir.1990), but may still raise other issues, such as the voluntary and intelligent character of the plea. Tollett v. Henderson, 411 U.S. 258 (1973).

5. Thus, Petitioner's conviction became final on July 4, 1999, thirty days after he could have appealed, making the one-year limitations period expire on July 4, 2000 (allowing for the holiday does not affect the timeliness of the petition). Petitioner's first state habeas was pending in state court for 9 days (Sept. 22, 1999 to Oct. 1, 1999). Ans., Exs. B, C.[1] His second state

---

[1] Petitioner did not timely seek certiorari review of this petition in the state supreme court, Ans., Ex. I, thus the time pending in the supreme court cannot be tolled. See Habteselassie v. Novak, 2000 WL 430166 (10th Cir.(Colo.).

2

habeas petition was pending for 51 days, from May 23, 2000 through July 13, 2000.  Exs. D - G. In order for the present petition to be timely, it should have been filed on or before September 2, 2000, extending the July 4, 2000 deadline by sixty days.  Since the federal petition was filed on August 18, 2000, the petition is timely.  Accordingly, Respondent's Motion to Dismiss should be DENIED.

      6. The five grounds asserted by Petitioner have the same theme -- that his plea was involuntary and unknowing due to ineffective assistance of counsel.  Characterizing himself as a "practicing alcoholic," Pet. at 6, he asserts that he was inebriated prior and during the sentencing, and that defense counsel sent him to the "Pup Club" to calm his delirium tremens.  Due to his intoxicated state, he contends that he was incompetent to understand all the consequences of his plea, including that the sentence would include habitual offender enhancements.  He also contends that counsel was ineffective for failing to suggest "alternate avenues of justice other than incarceration," Pet at 6, such as rehabilitation facilities.

      7. Although the failure to raise claims on appeal would result in procedural default, as is the case here, ineffective assistance claims are excepted from this rule.  See Duncan v. Kerby, 115 N.M. 344, 346 (1993).  See Jackson v. Shanks, 143 F.3d 1313, 1318 (10th Cir. 1998) (citing Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994), cert. denied, 515 U.S. 1135 (1995). Therefore, Petitioner's claims should be reviewed on their merits.

      8.  The standard for competence to stand trial is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has a "rational as well as factual understanding of the proceedings against him." Godinez v. Moran, 509 U.S. 389, --- (1993) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)).

9. I find that a review of the state records, particularly the plea and sentencing proceedings, are necessary in order to determine whether there is any merit to any of Petitioner's claims.  See E.g., Bonner v. Wyrick et al., 583 F.2d 1293, 1298 (8th Cir. 1977) (where record from state courts found that defendants were not drugged or intoxicated when they entered their guilty pleas, pleas were voluntary).  An order for the state record will be entered separately.

### Recommendation

I recommend that Respondent's Motion to Dismiss **[docket # 10]** be DENIED and that the petition proceed for review on its merits.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE