IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES HOWARD,

        Petitioner,

vs.                                                                                                                           Civ. No. 00-1201 MV/WWD

IRMA LUCERO, et al.,

        Respondents,

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1.    THIS MATTER comes before the Court upon Petitioner's Application For a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed August 18, 2000 **[Doc. 1]**. Petitioner, Mr. James Howard, is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the Judgment and Sentence of the Twelfth Judicial District in the District Court of Otero County, New Mexico, having pled Guilty[1] to the crime of Possession of Marijuana with Intent to Distribute, a 4th Degree Felony and adjudged to be an Habitual Offender with three (3) prior felony convictions. See Judgment and Sentence, Ex. A attached to Answer **[Doc. 9]**.

---

    [1]    While the Judgment and Sentence states that Mr. Howard pled No Contest on March 23, 1999, the Plea and Disposition Agreement, signed by Mr. Howard on March 23, 1999 indicates that he agreed to plead guilty. At the plea hearing held on March 23, 1999, Mr. Howard entered a plea of guilty; the court accepted that plea and found Mr. Howard guilty of the underlying charge. See Tape of Plea Hearing, at 4.1, 10.4, 16.1 (Tape citations ("T") to the state record proper are to a Sony Model BM-88, with approximately 47 counters per tape side); District Court Approval, signed by the state district judge on March 23, 1999, contained in the Record Proper.

2. On September 22, 1999, Mr. Howard filed a petition for writ of habeas corpus in state district court, which was denied on October 1, 1999. See Exs. B, C, attached to Answer. Mr. Howard filed another petition for writ of habeas corpus in state district court on May 23, 2000, which was denied on June 9, 2000. See Exs. D, E, attached to Answer. On June 23, 2000, Mr. Howard filed a petition for writ of certiorari in the Supreme Court of New Mexico, which was denied on July 13, 2000. See Exs. F, G, attached to Answer. Finally, Mr. Horton submitted a petition for writ of certiorari in the Supreme Court of New Mexico, which was received on August 1, 2000 and returned to Mr. Horton as untimely. See Exs. H, I, attached to Answer.

3. In his Petition filed in this Court on August 18, 2000, Mr. Howard lists five grounds for relief:

   (1) Ineffective Assistance of Counsel,
   (2) Violation of Due Process of Law,
   (3) Double Jeopardy,
   (4) Unfair and Biased Judgment and Sentence, and
   (5) Violation of N.M.S.A. § 5-303 and § 5-304.

4. However, a review of the Petition indicates that Mr. Howard challenges his confinement based on the assertion that his guilty plea was rendered involuntary and unknowing due to ineffective assistance of counsel. Petitioner alleges that his counsel was deficient in the following ways:

   (1) Counsel allowed Mr. Howard to enter a guilty plea while under the influence of alcohol,
   (2) Counsel failed to advise Mr. Howard of the consequences of pleading guilty, and
   (3) Counsel failed to seek "alternate avenues of justice" other than incarceration.

5. Although the failure to raise claims on appeal generally would result in procedural default, ineffective assistance claims are excepted from this rule. See Duncan v. Kerby, 115 N.M.

344, 346 (1993). Therefore, the Court will review Petitioner's claims on their merits.

6. Once a defendant has pled guilty, the only non-jurisdictional avenue for challenging his conviction is to claim that his plea was not knowing and voluntary. Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995) (citing Mabry v. Johnson 467 U.S. 504, 508-09 (1984)) (other citations omitted). A guilty plea may be rendered involuntary by the constitutionally inadequate performance of defense counsel. Id. Here, Petitioner alleges that the deficient conduct of his defense counsel rendered his plea agreement involuntary and unknowing.

7. In order for Petitioner to prevail on his claim of ineffective assistance of counsel, he must satisfy a two-part test. See Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998). First, he must show that "counsel's representation fell below an objective standard of reasonableness." Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). To demonstrate that his attorney's performance fell below this standard, Mr. Howard must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[2] Strickland, 466 U.S. at 689.

8. Second, even if Petitioner is able to satisfy the first prong of this test, he will not be entitled to relief unless he is also able to demonstrate that his counsel's performance prejudiced him. In the context of a guilty plea, Mr. Howard must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going

---

[2] "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide her client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." Stano v. Dugger, 921 F.2d 1125, 1151 (11th Cir. 1991).

3

to trial." Hill, 474 U.S. at 59; see also Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir. 1989).

*First Alleged Ground: Counsel allowed Petitioner to enter a guilty plea while under the influence of alcohol*

9. Petitioner alleges that he "had been drinking prior to both his conviction and sentencing hearing with Counsel knowledgeable of this fact." Pet. at 6. Petitioner further alleges that his attorney "sent" him to the "Pup Club" bar to "have a couple of beers" and picked him up for his sentencing hearing "knowing he'd drank some alcohol." Id. Petitioner also alleges that the influence of alcohol was "easily noted" because it could be "visually seen and olfactorily smelled by both counsel and this Honorable Court." Id. Finally, Petitioner asserts that because he was under the influence of alcohol, he was mentally incompetent to enter into any plea agreement. Id. at 9A-10. However, after reviewing the record, I find no support for Mr. Howard's claim that he was mentally incompetent when he agreed to plead guilty.

10. The competency standard for pleading guilty is the same as for that of standing trial. Godinez v. Moran, 509 U.S. 389 (1993). The standard for competence to stand trial is whether a defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has a "rational as well as factual understanding of the proceedings against him." Id. (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)).

11. Here, the record indicates that Mr. Howard did consult with his lawyer and had both a rational and factual understanding of the proceedings against him. See Plea T at 4.1 (indicating that he understands the charge he is facing); 9.0 (stating that he understands the terms of the plea and describing the factual basis of the charge); 11.5-13.5 (defense counsel noting that

4

Mr. Howard has been "in fairly regular contact" and stating that Mr. Howard "knows what he's facing"). Thus, even assuming that Petitioner had consumed alcohol prior to his hearings, there is no evidence that Petitioner was incompetent to enter a plea. See Miles v. Dorsey, 61 F.3d 1459, 1472 (10th Cir. 1995) (explaining that the presence of some degree of mental disorder does not necessarily mean a defendant is incompetent to knowingly and voluntarily enter a plea and holding that a petitioner's history of mental problems, low intelligence, psychotropic medication and substance abuse did not establish his incompetence to enter a guilty plea).

12. The state district court judge had an opportunity to observe Mr. Howard's conduct and assess his ability to understand the proceedings. At both the plea hearing and the sentencing hearing, the judge asked Mr. Howard if he was under the influence of any narcotic, alcoholic beverage or medication that might affect his competency. See Plea T at 8.0; Sentencing T.1 at 14.0. Before accepting Mr. Howard's guilty plea, the judge specifically inquired of defense counsel if she knew of any reason the court should not find that Mr. Howard was entering a knowing, intelligent and voluntary plea. See Plea T at 9.0. Following a colloquy with Mr. Howard and after hearing Mr. Howard's testimony with respect to his conduct underlying the charge, the judge found that Mr. Howard's plea was knowing, intelligent and voluntary, and accepted the plea agreement. Despite Petitioner's assertion that the influence of alcohol could be "easily noted" by sight and smell, the judge expressed no concern with respect to Mr. Howard's competency. Indeed, no concerns were raised by any of the persons present at either the plea hearing or sentencing hearing with respect to Mr. Howard's competency.[3]

---

[3] After reviewing the audiotapes of the plea hearing and the sentencing hearing, I failed to note any irrational or unusual verbal conduct on the part of Mr. Howard.

13. Faced with similar record evidence, the Tenth Circuit Court of Appeals concluded that a petitioner's allegations, together with a proffer of a medical opinion that the petitioner had been unable to adequately aid in his defense, did not "positively, unequivocally and clearly generate a real, substantial and legitimate doubt concerning his mental capacity." Foster v. Ward, 182 F.3d 1177, 1191 (10th Cir. 1999) (quoting Nguyen, 131 F.3d at 1346). In contrast to the petitioner in Foster, Mr. Howard offers no medical evidence of his alleged incompetence. Indeed, Mr. Howard presents nothing more than his allegations in support of his assertion that he was under the influence of alcohol at his plea and sentencing hearings.[4]

14. At his plea and sentencing hearings, Mr. Howard denied being under the influence of any narcotic, alcoholic beverage, or medication that might affect his competency. See Plea T at 8.0; Sentencing T.1 at 14.0. The state district court judge found Mr. Howard's plea to be knowing, intelligent and voluntary. See Plea T at 10.4. "[R]epresentations of the defendant . . . as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." United States v. Trusdale, 2002 WL 258200, at *2 (10th Cir. Feb. 25, 2002) (unpublished) (quoting Lassiter v. Thomas, 89 F.3d 699, 702 (10th Cir. 1996)).

15. In light of this record, the Court finds that Petitioner's "conclusory statements that he was under the influence of alcohol and thus, was unable to enter a knowing and voluntary plea

---

[4] Petitioner's allegation that counsel "sent" him to a bar to "have a couple beers" seems incredible, particularly given the fact that defense counsel was aware of Mr. Howard's alcoholism. See Sentencing T.1 at 22.1. Moreover, this allegation appears to conflict with defense counsel's statements at the plea and sentencing hearings, where she denied knowing any reason the court should not find Mr. Howard's plea and admissions to be knowing, intelligent and voluntary. See Plea T at 10.2; Sentencing T.1 at 16.5.

6

are insufficient to overcome his sworn statements in open court during the plea hearing" to the contrary. Id.; see also United States v. Calvin, 20 Fed. Appx. 452 (6th Cir. Sep. 26, 2001) (unpublished), available in, 2001 WL 1176363, at **1 (stating the defendant's "after-the-fact" claim of incompetency failed because he was "lucid and articulate at the plea hearing, and [there was] no evidence . . . in the record that [the defendant] was not in possession of his faculties"). Consequently, Petitioner's unsupported allegations also fail to overcome the strong presumption that defense counsel's conduct fell within the wide range of reasonable assistance in allowing Petitioner to enter a guilty plea. Thus, relief should be denied on this ground.

*Second Alleged Ground: Counsel failed to advise Petitioner of the consequences of pleading guilty*

16. Petitioner alleges that his attorney and the trial court "failed in their duty to inform [Petitioner] . . . of all consequences . . . (ie: 8 yr. enhancement), of entering the plea." Pet. at 9. Petitioner further alleges that because of this failure, he entered the plea agreement believing he would receive only an eighteen month sentence and "knew nothing about the very real possibility of an eight year" sentence enhancement. Id.

17. A plea may be involuntary if the attorney "materially misinforms the defendant of the consequences of the plea." United States v. Rhodes, 913 F.2d 839, 843 (10th Cir. 1990), cert. den., 498 U.S. 1122 (1991) (quoting U.S. v. Laycock, 880 F.2d 1184, 1186 (10th Cir. 1991), cert. den., 498 U.S. 1122 (1991). "Whether the defendant subjectively understood the consequences of his guilty plea is an underlying factual issue." United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988) (quoted in United States v. Coleman, 918 F.2d 181 (9th Cir. Nov. 13, 1990) (unpublished table decision), available in, 1990 WL 177243, at **3).

7

18.     At the plea hearing, the state district court judge asked Mr. Howard if he understood the charge to which he was pleading guilty. See Plea T at 4.1. The judge described the possible prison time, fines and mandatory parole associated with the charge. See id. Next, the judge explained the New Mexico habitual criminal offender statute. See id. at 5.5. The judge specifically described the sentencing enhancements provided for one, two and three or more prior felony convictions. See id. The judge explained that this additional time could not be suspended or deferred and that "you'll have to do whatever time, even I can't change that. Do you understand that?"[5] Id. at 6.0. During the plea hearing, Mr. Howard's counsel stated that she and Mr. Howard had "discussed the probability of an eight year habitual sentence should the state be able to prove his priors" and that "[Mr. Howard] knows he's looking at that time." Id. at 12.1.[6] The judge asked Mr. Howard if he was satisfied with the services of his defense counsel at both the plea and sentencing hearings and Mr. Howard replied each time that he was. See Plea T at 8.4; Sentencing T.1 at 16.4.

19.     At his sentencing hearing, the judge asked Mr. Howard if he had received a copy of the supplemental criminal information ("SCI") (setting forth his three prior felony convictions) and if he understood those allegations. See Sentencing T.1 at 11.0. The judge explained that the effect of the SCI would be to enhance Mr. Howard's basic sentence by eight years, which time could not be suspended or deferred. See id. Mr. Howard admitted that he was the same person

---

[5]     Mr. Howard responded "yes" to this question. See Plea T at 6.0.

[6]     At the sentencing hearing, defense counsel explained that "from the beginning" Mr. Howard admitted that he had three prior felonies and that she had tried to explain to him what that would mean "in terms of the outcome here." Sentencing T.1 at 20.3.

referred to in the SCI, rather than exercise his right to have a non-jury trial to determine that issue. After finding that Mr. Howard admitted to the allegations contained in the SCI knowingly, intelligently and voluntarily, the judge found Mr. Howard guilty of both the underlying charge and of being an habitual offender with three prior felony convictions. See id. at 16.5.

20. In finding that Mr. Howard knowingly, voluntarily and intelligently entered into a plea of guilty, the judge implicitly found that Mr. Howard understood the significance and the consequences of his decision to plead guilty. See Calvin, 2001 WL 1176363, at **1 (citing Godinez, 509 U.S. at 401) (explaining that a "guilty plea is knowing and voluntary if the defendant understands the significance and consequences of this particular decision and if the decision is uncoerced"). The record supports the state district court's finding that Mr. Howard understood the consequences of his guilty plea, and also supports the finding that Mr. Howard understood the consequences of admitting to the allegations contained in SCI.

21. No evidence indicates that defense counsel misinformed or misled Petitioner with respect to the consequences of his plea, including the habitual offender enhancement. Petitioner's conclusory and unsupported allegations that neither counsel nor the court informed him of the eight year sentence enhancement are directly contradicted by the evidence. Petitioner's allegations, without more, fail to overcome the strong presumption that defense counsel's conduct fell within the wide range of reasonable assistance in advising Mr. Howard of the consequences of entering into a guilty plea. Thus, relief should be denied on this ground.

*Third Alleged Ground: Counsel failed to seek "alternate avenues of justice" other than incarceration*

22. Mr. Howard contends that his defense counsel was deficient in "fail[ing] to seek

alternate avenues of justice[7] other than incarceration . . . allowable by [New Mexico] laws." Pet. at 6. Although federal habeas relief is not available for violations of state law, Lujan v. Tansy, 2 F.3d 1031, 1035-36 (10th Cir. 1993), a claim of ineffective assistance of counsel can be based on an alleged violation of state law, Jones v. Stotts, 59 F.3d 143, 145 n.2 (10th Cir. 1995).

23. However, Petitioner's allegations do not indicate how counsel's alleged failure falls below an objective standard of reasonableness. Nor does Petitioner explain how counsel's conduct prejudiced him. Allegations that are conclusory in nature and not supported with factual averments will not support a claim of ineffective assistance of counsel. United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir.1994). "Although we must liberally construe [Petitioner's] *pro se* petition, we are not required to fashion [Petitioner's] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." Id. (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991)). Petitioner's allegations on this ground are insufficient to raise a valid ineffective assistance claim. Thus, relief should be denied on this ground.

**Recommended Disposition**

I recommend that Petitioner's application for writ of habeas corpus be denied and that this cause be dismissed with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1). Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections

---

[7] Petitioner suggests a "detox rehab" facility as an example of an "alternate avenue of justice." Pet. at 6.

within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                                                             _____
                                                             UNITED STATES MAGISTRATE JUDGE